The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MEGAN HAMILTON,<br><br>                    Plaintiff,<br><br>    vs.<br><br>COLUMBIA DEBT RECOVERY, LLC<br><br>                    Defendant. | NO.  2:25-cv-01357-JCC<br><br>**PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>NOTE ON MOTION CALENDAR:<br>September 5, 2025 |

## I.    INTRODUCTION

This is a straightforward case about unlawful debt-collection efforts taken by Defendant Columbia Debt Recovery, LLC ("CDR").  After removing the case to this Court (from King County Superior Court), CDR filed an Answer containing eleven (11) "affirmative defenses."  The problem is that these "defenses" are nothing more than a placeholder list rather than genuine affirmative defenses (with discrete elements and a burden of proof) tailored to the facts of this matter.  In advance of this motion, which is time-limited by Fed. R. Civ. P. 12, Plaintiff notified Defendant of the deficiencies and requested withdrawal of certain defenses.  Defendant acknowledged receipt and nothing more.

PLAINTIFF'S MOTION TO STRIKE - 1
2:25-CV-01357-JCC

ANDERSON | SANTIAGO
207B SUNSET BLVD. N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

To be blunt, it is not a good use of any party's resources to engage in discovery over eleven potential defenses and to ascertain which defenses are actually asserted and which require affirmative proof, and which defenses are aspirational placeholders.  Plaintiff would not consider herself a person of means, and this Court has better things to do than to ferret out which "defenses" are actually "affirmative" defenses, but Fed. R. Civ. P. 12 commands that Plaintiff either bring this motion now, or not at all.[1]  In short, this is not a form-over-function exercise; Plaintiff simply requests that Defendant plead only affirmative defenses which are applicable to this case (and which are, in fact, affirmative defenses), so that the parties may focus their discovery efforts more effectively.  Plaintiff should not be required to conduct extensive discovery just to learn why, for example, CDR claims that knowledge and intent are relevant to strict liability statutes.

Plaintiff respectfully requests this Court strike CDR's affirmative defenses, with leave to amend where genuinely appropriate.  To the extent CDR has asserted facts or defenses which do not constitute "affirmative defenses," Plaintiff respectfully requests these be stricken without leave to amend, as they are not affirmative defenses requiring proof at trial.

## II.   FACTS

Plaintiff Megan Hamilton was subjected to unlawful debt-collection efforts by Defendant CDR and subsequently brought this lawsuit in King County Superior Court.  On July 18, 2025, CDR removed the case to this Court. Dkt #1.  CDR asserts approximately eleven (11) affirmative defenses in its Answer (as the total is unclear; numerous affirmative defenses are asserted within each numbered defense), which Plaintiff now moves to strike pursuant to Fed. R. Civ. P. 12(f).  Dkt #6.

---

[1] Moreover, it is no secret that defendants in fee-shifting cases frequently seek to limit the expenditure of fees.

PLAINTIFF'S MOTION TO STRIKE - 2
2:25-CV-01357-JCC

ANDERSON | SANTIAGO
207B SUNSET BLVD. N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

1  Prior to filing this motion, counsel for Plaintiff sent a letter to Defendant and its counsel, seeking a withdrawal or rephrasing of many of the "affirmative defenses." Defendant did not meaningfully respond other than to acknowledge receipt. The Answer and affirmative defenses remain unchanged from their original iteration.

### III.     LAW AND ARGUMENT

#### A.  Legal Standard: Fed. R. Civ. P. 12(f) Motions to Strike

Fed.R.Civ.P. 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted).

Such motions to strike are appropriate where a party has insufficiently pleaded its affirmative defenses such that the Plaintiff is not placed on fair notice of the facts underlying the defense. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (articulating "fair notice" standard. This Court has stricken affirmative defenses where defendants allege "conclusory and vague affirmative defenses" which fail to give plaintiff fair notice. *Dawson v. Genesis Credit Mgmt., LLC*, No. C17-0638-JCC, 2017 WL 2800180 at *1 (W.D. Wash. June 26, 2017).[2]

#### B.  Pleading Affirmative Defenses

Affirmative defenses are not simply placeholders for a potential future defense. By definition, "[a]ffirmative defenses plead matters extraneous to plaintiff's prima facie case, which

---

[2] Plaintiff notes that "Genesis Credit Management" is a doing-business-as name of Defendant Columbia Debt Recovery.

PLAINTIFF'S MOTION TO STRIKE - 3
2:25-CV-01357-JCC

ANDERSON | SANTIAGO
207B SUNSET BLVD. N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

1  deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit
2  Ins. Corp. v. Main Hurdman*, 655 F.Supp. 259, 262 (E.D.Cal. 1987).  "An affirmative defense may
3  be insufficient as a matter of pleading or as a matter of law." *Kohler v. Staples the Office
4  Superstore, LLC*, 291 F.R.D. 464, 467 (S.D. Cal. 2013).  "Fair notice generally requires that the
5  defendant state the nature and grounds for the affirmative defense." *Id*.

6   For example, while a limitations defense is a recognized affirmative defense, pleading only
7  that the Plaintiff's claims are "barred by the applicable statute of limitations" is insufficient and is
8  properly stricken under Rule 12(f).  *Kohler*, 291 F.R.D. at 470.  Similarly, other assertions or
9  arguments which seek to negate any portion of a plaintiff's claims are properly stricken, for they
10 are, by definition, not affirmative defenses.  *See*, *e.g.*, *Zivkovic v. S. California Edison Co.*, 302
11 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its
12 burden of proof is not an affirmative defense.").

### C. Improper or Unsupported Affirmative Defenses Should Be Stricken

 Courts routinely grant Rule 12(f) motions to strike where a party asserts as "affirmative defenses" certain statements which provide no factual basis, no legal basis, or do not otherwise constitute a proper affirmative defense. *See Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D.Cal. 2004) (assertion that claims were "barred from recovery in whole or in part by the doctrines of waiver, estoppel, and unclean hands" were insufficient and properly stricken); *Barnes v. AT & T Pension Ben. Plan–Nonbargained Program*, 718 F.Supp.2d 1167, 1174 (N.D.Cal. 2010) (striking seventeen (17) affirmative defenses under Rule 12(f)).

 Again, Rule 12(f) exists to streamline the case and avoid litigating "non-issues," which ultimately benefits all parties by minimizing additional time and money being spent on issues which may be dispensed with early in the case. *See Whittlestone, Inc.*, 618 F.3d at 973.  Here,

PLAINTIFF'S MOTION TO STRIKE - 4
2:25-CV-01357-JCC

ANDERSON | SANTIAGO
207B SUNSET BLVD. N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

many of CDR's "affirmative defenses" are not properly asserted or otherwise have no factual support.

**D. <u>Motion to Strike</u>**

CDR asserts asserted roughly eleven (11) affirmative defenses, many of which do not constitute an affirmative defense or are otherwise devoid of any meaningful factual assertions. Dkt #6. Plaintiff moves to strike these "affirmative defenses," with leave to amend where appropriate.

An affirmative defense, like any affirmative claim, has elements which must be proven by the party asserting the defense. "Failure to state a claim" has no elements to be affirmatively proven, and thus conducting discovery on such a "defense" would be self-defeating and confusing. Therefore, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Many of CDR's purported affirmative defenses fail on this basis.

Other affirmative defenses of CDR fail to pass muster under Fed. R. Civ. P. 8(b), failing to give the requisite "fair notice" to Plaintiff as to the nature of the supposed defense. *Wyshak v. City Nat'l Bank*, 607 F.2d at 827 (discussing "fair notice" standard). This concept was well-articulated by Judge Ware of the Northern District of California:

> [Defendant] eHelp alleges, based on information and belief, that [plaintiff] must be 'barred from recovery in whole or in part' by the doctrines of waiver, estoppel, and unclean hands. eHelp does not specify what the defense is – whether it is asserting a single type of estoppel or several types of estoppel such as prosecution history estoppel, equitable estoppel, or some other type of estoppel. As such, eHelp does not provide fair notice of its affirmative defenses…
>
> A reference to a doctrine, like a reference to statutory provisions, is insufficient notice… Furthermore, eHelp's affirmative defenses do not set forth the elements of the defense… Because eHelp simply refers to the doctrines without setting forth the elements of its affirmative defenses, eHelp does not provide "fair notice" of its defenses… eHelp also fails to allege the factual basis for its affirmative defenses.

PLAINTIFF'S MOTION TO STRIKE - 5
2:25-CV-01357-JCC

ANDERSON | SANTIAGO
207B SUNSET BLVD. N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

*Qarbon.com Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046, 1049-50 (N.D.Cal. 2004) (citations omitted). A defendant alleging affirmative defenses need not plead with particularity by any means, but it is insufficient to simply refer to a legal doctrine and offer no other facts.

At their core, affirmative defenses plead matters outside of a plaintiff's claims – defenses which seek to simply negate elements of a plaintiff's claim are not affirmative defenses.

### 1. First Affirmative Defense (Dkt. #6, p. 6)

Defendant alleges, as an affirmative defense that Plaintiff's complaint "...fails to state a claim upon which relief upon which relief can be granted…" This is an affirmative defense which is to be brought by motion. Fed. R. Civ. P. 12(b)(6). Defendant has not brought such a motion, and cannot do so now that a responsive pleading has been filed. *Id.* "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic* 302 F.3d 1088. This affirmative defense should be stricken.

### 2. Second Affirmative Defense (Dkt #6, p 6)

Defendant purports to allege a statute of limitations defense with the words "…all allegations contained therein, or portions thereof, are, or may be, barred by the applicable statute of limitations." Much like in *Qarbon.com Inc.*, *supra*, CDR "simply refers to the doctrines without setting forth the elements of its affirmative defenses." 315 F.Supp.2d at 1050. This gives Plaintiff no notice as to what is at issue, and what event(s) occurred at what time(s) such that a statute of limitations would have passed. While "statute of limitations" is nominally an affirmative defense which may be pleaded, CDR has not identified *which* statute of limitations applies (the Complaint alleges violation of multiple statutes), and no facts are asserted. *Kohler*, 291 F.R.D. 464 (assertion that claims were "barred by the applicable statute of limitations" was "insufficient" and was therefore stricken).

PLAINTIFF'S MOTION TO STRIKE - 6
2:25-CV-01357-JCC

ANDERSON | SANTIAGO
207B SUNSET BLVD. N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

CDR's defense of simply saying the words "statute of limitations," and using language such as "all…or portions thereof, or may be…" is too broad and imprecise to constitute an "affirmative defense" or otherwise meet Rule 8(b)'s pleading requirements. Plaintiff respectfully requests this Court strike the defense.

3. Third Affirmative Defense (Dkt. #6, p. 7)

CDR alleges that Plaintiff's damages were "caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of the risk, and/or culpable conduct of Plaintiff and/or others." CDR provides no factual support for this such as who the "others" are, nor is a there single fact pled to support the idea that Plaintiff caused her own damages.

Moreover, Plaintiff has alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), the Washington Collection Agency Act ("WCAA") as enforced through the Consumer Protection Act ("CPA") which are strict liability statutes that do not invoke principles of tort law. Thus, Defendant's allegation is inapplicable, as it is both legally and factually insufficient and should be stricken.

4. Fourth Affirmative Defense (Dkt. #6, p. 7)

Similar to its third affirmative defense, CDR asserts that it did not engage in any conduct that was "intentional, knowing, willful, reckless, malicious, wanton or outrageous, and…at all times acted in good faith." Whether true or false, it is irrelevant to this case. Again, Plaintiff's claims are based on strict liability statutes and do not require any intent or knowledge for a finding of liability. This "affirmative defense" is not an affirmative defense at all, and even if it were, it would be inapplicable to Plaintiff's claims and should be stricken.

5. Fifth Affirmative Defense (Dkt. #6, p. 7)

PLAINTIFF'S MOTION TO STRIKE - 7
2:25-CV-01357-JCC

ANDERSON | SANTIAGO
207B SUNSET BLVD. N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

CDR alleges, as an affirmative defense, that Plaintiff's claims are "barred to the extent she lacks standing and/or jurisdiction to assert them." Fatally, Defendant alleges no facts in support, and fails to identify which of Plaitniff's claims the defense applies to. While a *person* cannot lack jurisdiction, it is confounding that CDR would remove Plaintiff's case to this Court by claiming that it had jurisdiction while simultaneously claiming that the Court lacks jurisdiction. Moreover, such a defense would be properly brought by motion, before a responsive pleading, under Fed. R. Civ. P. 12(1) or (2), which CDR did not do.

6. Sixth Affirmative Defense (Dkt. #6, p. 7)

CDR alleges that "all of its alleged actions had a reasonable basis." Similar to the above, there is no "reasonableness" standard in relation to Plaintiff's claims, and Defendant provides no factual support. The defense must be stricken.

7. Seventh Affirmative Defense (Dkt. #6, p. 7)

Asserting a laundry list within a laundry list of affirmative defenses, CDR asserts that "Plaintiff's claims may be barred by the doctrines of unclean hands, unjust enrichment, laches, res judicata, waiver and/or estoppel, or similar equitable doctrines." Again, CDR does not identify which claim this list applies to, and alleges no facts in support any of its affirmative defense wish list. Therefore, this/these defense(s) must be stricken, as Plaintiff was not given fair notice.

8. Eighth and Ninth Affirmative Defenses (Dkt. #6, p. 7)

With no factual support, and failing to identify the relevant violation, CDR asserts that "Plaintiff did not suffer any injury" and that CDR's "conduct did not have the capacity to affect a substantial portion of the public." Plaintiff has not been put on fair notice of the defense, and the Court should strike this defense.

9. Tenth Affirmative Defense (Dkt. #6, p. 8)

PLAINTIFF'S MOTION TO STRIKE - 8
2:25-CV-01357-JCC

ANDERSON | SANTIAGO
207B SUNSET BLVD. N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

Unlike many of the foregoing, the bona fide error defense is, nominally, an "affirmative defense," but it is not enough to simply use the phrase "bona fide error." CDR attempts to have its cake and eat it too, claiming that it did not violate the law, but if it did, then the violation would be excused by the "bona fide error" defense. CDR cannot have it both ways – as a matter of simple logic, CDR could not maintain procedures adapted to avoid a violation if it contends no violation occurred.

A defendant asserting "bona fide error" bears the burden of establishing that (1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011) (citation omitted).

At the pleading stage, Rule 8(b) at a minimum requires CDR to state facts underlying its defense. At the bare minimum, *CDR must identify what the error was*. Instead, this appears to be a placeholder defense in case CDR chooses to genuinely assert the defense at a later time. Claiming there may be an error – while denying any such unidentified error – does nothing to apprise Plaintiff of the supposed issue, and does not meet CDR's burden to assert facts supporting its affirmative defense.

Plaintiff respectfully requests the Court strike this affirmative defense and permit CDR leave to amend, if it can do so consistent with the required legal standard.

10. Eleventh Affirmative Defense (Dkt. #6, p. 9)

CDR claims that "Plaintiff has failed to mitigate…damages." As stated numerous times *supra*, CDR fails to identify which violation this defense applies to, and fails to allege any facts in support. Plaintiff is not on fair notice of the defense, and it should be stricken.

PLAINTIFF'S MOTION TO STRIKE - 9
2:25-CV-01357-JCC

ANDERSON | SANTIAGO
207B SUNSET BLVD. N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court strike CDR's affirmative defenses, with leave to amend where appropriate.

I certify that this memorandum 2,547 words, in compliance with the Local Civil Rules

Dated this 15th day of August, 2025.

**ANDERSON SANTIAGO, PLLC**

By: /s/ T. Tyler Santiago
Jason D. Anderson, WSBA No. 46004
Attorney for Plaintiff
207B Sunset Blvd. N.
Renton, WA 98057
(206) 395-2665
(206) 395-2719 (fax)

PLAINTIFF'S MOTION TO STRIKE - 10
2:25-CV-01357-JCC

ANDERSON | SANTIAGO
207B SUNSET BLVD. N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719