THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   MEGAN HAMILTON,                          CASE NO. C25-1357-JCC

10                    Plaintiff,             ORDER

11            v.

12   COLUMBIA DEBT RECOVERY, LLC,

13                    Defendant.

14

15      This matter comes before the Court on Plaintiff's unopposed motion to strike Defendant's

16   eleven affirmative defenses (Dkt. No. 11). Having thoroughly considered the relevant record, the

17   Court GRANTS the motion for the reasons explained herein.

18      On June 19, 2025, Plaintiff served Defendant with a complaint for Defendant's alleged

19   violations of the Fair Debt Collection Practices Act and Washington's Consumer Protection Act.

20   (Dkt. No. 1-1.) On July 25, 2025, Defendant filed an Answer which included eleven affirmative

21   defenses. (Dkt. No. 6.) Plaintiff then moved for an order striking the defenses as improper or

22   unsupported. (Dkt. No. 11 at 4–5.) Defendant did not respond, which the Court considers an

23   admission that Plaintiff's motion has merit. *See* LCR 7(b)(2). Nevertheless, the Court will briefly

24   address Plaintiff's request.

25      The Federal Rules of Civil Procedure provide that "[t]he court may strike from a pleading

26   an insufficient defense." Fed. R. Civ. P. 12(f). To determine whether a defense is insufficient, the

ORDER
C25-1357-JCC
PAGE - 1

1  Court asks whether it gives a plaintiff fair notice. *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1023

2  (9th Cir. 2010) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). "The

3  function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise

4  from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v.*

5  *Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d

6  1524, 1527 (9th Cir. 1993)). Nevertheless, "[i]n the absence of prejudice to the opposing party,

7  leave to amend should be freely given." *Wyshak*, 607 F.2d at 826 (citing Fed. R. Civ. P. 15(a)).

8      Here, Defendant's conclusory and vague affirmative defenses do not provide fair notice.

9  For example, Defendant's pleaded statute of limitations defense, in its entirety, states, "[a]s a

10  separate, affirmative defense, Defendant alleges that Plaintiff's Complaint, and all allegations

11  contained therein, or portions thereof, are, or may be, barred by the applicable statutes of

12  limitations." (Dkt. No. 6 at 6.) This fails to apprise Plaintiff of which statute of limitation may be

13  implicated. The remaining defenses suffer from the same error; Defendant merely asserts a list of

14  potential defenses—nothing else. (*Id.* at 6–8.) Using boilerplate defenses as placeholders,

15  without any factual support or specificity, is inappropriate. *See, e.g.*, *Putterman v. Supreme*

16  *Chain Logistics, Ltd.*, 2018 WL 2426408, slip op. at 3 (W.D. Wash. 2018). Therefore, the Court

17  concludes that all of Defendant's affirmative defenses are insufficient and must be stricken.

18      For the foregoing reasons, Plaintiff's motion to strike (Dkt. No. 11) is GRANTED and

19  Defendant's affirmative defenses are STRICKEN. The Court concludes leave to amend would

20  not prejudice Plaintiff. Thus, Defendant may amend its affirmative defenses within 14 days from

21  the date of this order. Any re-pleaded defenses must give Plaintiff fair notice, *i.e.*, specify which

22  defenses apply to which claims, cite relevant statutes, and enumerate relevant facts.

23  //

24  //

25  //

26  //

ORDER
C25-1357-JCC
PAGE - 2

1          DATED this 12th day of September 2025.

2

3

4

                                        John C. Coughenour
5                                        UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
C25-1357-JCC
PAGE - 3