Marc S. Dobin
DobinLaw, P.S.
9123 NE Juanita Dr.
Unit 411
Kirkland, WA. 98034
425.549.4487
mdobin@dobinlaw.com
Washington State Bar No. 60751

Attorneys for Defendant
COLUMBIA DEBT RECOVERY, LLC

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MEGAN HAMILTON, | Case No. 2:25-cv-01357-JCC |
| Plaintiff, | **AMENDED ANSWER TO PLAINTIFF'S COMPLAINT** |
| vs. | |
| COLUMBIA DEBT RECOVERY, LLC, | |
| Defendant. | |

Defendant COLUMBIA DEBT RECOVERY, LLC ("Defendant") hereby answers the Complaint of Plaintiff MEGAN HAMILTON as set forth below.

## PARTIES AND JURISDICTION

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint.

2. Defendant admits that it is a Washington limited liability company and that it conducts business as a collection agency.  Defendant also admits that Corporation Service Company is its agent for service.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2 of the Complaint.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint, which also constitute legal conclusions.

**FACTS**

4. Upon information and belief, Defendant admits that Plaintiff leased an apartment from Pinnacle Apartments. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 4 of the Complaint.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint.

9. Defendant admits that it has communicated in writing with Plaintiff. Defendant contends that the communications speak for themselves and denies Plaintiff's allegations to the extent they are inconsistent with the communications. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9 of the Complaint. Defendant is still investigating Plaintiff's allegations.

10. Defendant admits that it has communicated in writing with Plaintiff. Defendant contends that the communications speak for themselves and denies Plaintiff's allegations to the extent they are inconsistent with the communications. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10 of the Complaint. Defendant is still investigating Plaintiff's allegations.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint. Defendant is still investigating Plaintiff's allegations.

/ / /

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint.  To the extent said allegations pertain to the alleged contents of a document, Defendant contends that the document speaks for itself.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint.  To the extent said allegations pertain to the alleged contents of a document, Defendant contends that the document speaks for itself.

16. Defendant admits that it has communicated in writing with Plaintiff.  Defendant contends that the communications speak for themselves and denies Plaintiff's allegations to the extent they are inconsistent with the communications.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 16 of the Complaint.  Defendant is still investigating Plaintiff's allegations.

17. Defendant admits that it has communicated in writing with Plaintiff.  Defendant contends that the communications speak for themselves and denies Plaintiff's allegations to the extent they are inconsistent with the communications.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17 of the Complaint.  Defendant is still investigating Plaintiff's allegations.

18. Defendant admits that it has communicated in writing with Plaintiff.  Defendant contends that the communications speak for themselves and denies Plaintiff's allegations to the extent they are inconsistent with the communications.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18 of the Complaint.  Defendant is still investigating Plaintiff's allegations.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

///

## CAUSES OF ACTION

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint. Moreover, said allegations constitute legal conclusions to which no response is required.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint. Moreover, said allegations constitute legal conclusions to which no response is required.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint. Moreover, said allegations constitute legal conclusions to which no response is required.

## COUNT I

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint. Moreover, said allegations constitute legal conclusions to which no response is required.

26. Defendant incorporates by reference its responses stated above, and denies the allegations in Paragraph 26 of the Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint, the meaning of which is unclear to Defendant.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

## COUNT II

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint. Moreover, said allegations constitute legal conclusions to which no response is required.

31. Defendant incorporates by reference its responses stated above, and denies the allegations in Paragraph 31 of the Complaint.

/ / /

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

## GENERAL ALLEGATIONS

34. Defendant denies any violations. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 34 of the Complaint. Moreover, said allegations constitute legal conclusions to which no response is required.

35. Defendant denies any violations. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 35 of the Complaint. Moreover, said allegations constitute legal conclusions to which no response is required.

36. Defendant denies any violations. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 36 of the Complaint. Moreover, said allegations constitute legal conclusions to which no response is required.

37. Defendant denies any violations. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 37 of the Complaint. Moreover, said allegations constitute legal conclusions to which no response is required.

## COUNT III

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint. Moreover, said allegations constitute legal conclusions to which no response is required.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

## COUNT IV

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

///

42. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint. Moreover, said allegations constitute legal conclusions to which no response is required.

42. Defendant incorporates by reference its responses stated above, and denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Complaint. Moreover, said allegations constitute legal conclusions to which no response is required.

45. Defendant denies that Plaintiff is entitled to injunctive relief. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 45 of the Complaint, which also constitute legal conclusions.

46. Defendant denies that Plaintiff is entitled to injunctive relief, and further denies the remaining allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief requested in Plaintiff's Prayer for Relief, or elsewhere in the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

**(Reasonableness of Conduct)**

As a separate, affirmative defense to Plaintiff's claims under the Washington Consumer Protection Act ("WCPA"), Defendant alleges that all of its alleged actions were reasonable. A defendant may argue that its actions were reasonable with respect to the challenged conduct. This defense is rooted in RCW 19.86.920, which states that the WCPA "shall not be construed to prohibit acts or practices which are reasonable in relation to the development and preservation of

business or which are not injurious to the public interest, nor be construed to authorize those acts or practices which unreasonably restrain trade or are unreasonable per se." Further, in *Merrill v. Crown Life Ins. Co.*, 22 F. Supp. 3d 1137, 1150 (E.D. Wash. 2014), the Court recognized that reasonableness is a defense to a WCPA claim "because RCW 19.86.920 imports a reasonableness standard into the CPA as a whole." Here, Defendant acted reasonably and in good faith at all times. Defendant reasonably relied on the creditor that the debt was owed by Plaintiff and never engaged in any unfair or deceptive conduct.

### SECOND AFFIRMATIVE DEFENSE

### (Bona Fide Error)

As a separate, affirmative defense, Defendant alleges that if it is assumed, *arguendo*, that Defendant violated a statute as alleged in Plaintiff's Complaint, which presupposition Defendant denies, such violation was not intentional, and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. There is no liability under the Fair Debt Collection Practices Act ("FDCPA") under such circumstances. 15 U.S.C. § 1692k(c). Similarly, the bona fide error defense may apply to Plaintiff's claims under the Washington Collection Agency Act ("WCAA") and Washington Consumer Protection Act ("WCPA") as well: "If the defense applies, no claim exists under the FDCPA and there is no per se violation" of the WCAA or WCPA. *Campion v. Credit Bureau Servs.*, 206 F.R.D. 663, 674 (E.D. Wash. 2001). Here, any violation alleged in Plaintiff's Complaint was unintentional and resulted despite the maintenance of procedures reasonably adapted to avoid any such violation, including but not limited to, not making false, deceptive, or misleading representations; not falsely representing the character, amount or legal status of any debt; not using unfair or unconscionable means in connection with the collection of debts; and not attempting to collect amounts which are not owed. Defendant further alleges that it was allowed to reasonably rely upon information supplied to it by the creditor/assignor or other third parties, and Defendant had a good-faith basis to believe that the information provided was correct and that Defendant's collection efforts based on said information would be proper.

/ / /

## THIRD AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages. The Courts' policy to promote mitigation of damages is well-established. The calculation of the damages sought by Plaintiff on all of her claims requires the consideration of many factors, including whether or not Plaintiff took reasonable steps to avoid harm. Plaintiff has thus far provided limited information regarding her claims, and Defendant has not fully completed its investigation of the facts relating to this case. Preliminarily, and upon information and belief, facts that should be taken into consideration regarding mitigation of damages include, but are not limited to, the incurrence and non-payment of the debt at issue which caused said debt to go into collection, resulting in the collection activity now complained about; the failure to satisfy the terms of the underlying apartment lease contract; the failure to adequately communicate with Defendant; and other relevant matters. It is reasonably anticipated that further discovery, independent investigation, legal research and analysis will provide additional information regarding Plaintiff's mitigation efforts or lack thereof. Moreover, the calculation of statutory damages under the FDCPA also requires the consideration of many factors. If Plaintiff failed to mitigate, this would be relevant as to her alleged statutory damages, as the FDCPA provides for such statutory damages "as the court may allow," but not exceeding $1,000. 15 U.S.C. § 1692k(a)(2)(A). Any alleged failure to mitigate damages by Plaintiff would be relevant in this analysis.

## FOURTH AFFIRMATIVE DEFENSE

**(No Public Interest Impact)**

As a separate, affirmative defense to Plaintiff's claims under the WCPA, Defendant alleges that Plaintiff cannot establish the public interest element of a CPA claim. Plaintiff's dispute was an isolated, private contractual disagreement between her and her landlord regarding

alleged amounts due under a residential lease, and Defendant acted only in reliance on the landlord's records. There are no allegations of widespread conduct or practices with the capacity to affect a substantial portion of the public. Accordingly, the challenged conduct does not meet the "public interest" requirement of RCW 19.86.

## FIFTH AFFIRMATIVE DEFENSE

(Lack of Cognizable Injury Under CPA)

As a separate, affirmative defense, Defendant alleges that Plaintiff has not suffered an "injury to business or property" within the meaning of RCW 19.86.090. Plaintiff alleges confusion, distress, and attorney's fees, but such allegations do not independently establish the type of injury required by the statute. Defendant further alleges that Plaintiff has not demonstrated any quantifiable loss of money or property attributable to Defendant's conduct.

## SIXTH AFFIRMATIVE DEFENSE

(Good Faith Reliance on Creditor)

As a separate, affirmative defense, Defendant alleges that it acted in good faith and reasonably relied upon the information provided by the original creditor/landlord, Pinnacle Apartments. The lease records and move-out charges were generated by the landlord, and Defendant's communications to Plaintiff were based on those records. At no time did Defendant intend to engage in any unfair or deceptive act or practice.

## SEVENTH AFFIRMATIVE DEFENSE

(Equitable Defenses to Injunctive Relief)

As a separate, affirmative defense, Defendant alleges that Plaintiff is not entitled to injunctive relief under RCW 19.86.090 because she cannot demonstrate a likelihood of repetition or continuing harm. The collection account at issue was a single, discrete placement involving Plaintiff's prior tenancy, and there is no ongoing practice that would affect Plaintiff or the public in the future. Equitable principles, including the absence of irreparable harm, bar the injunctive relief requested.

### EIGHTH AFFIRMATIVE DEFENSE

(Failure to Mitigate and Lack of Causation Under CPA)

As a separate, affirmative defense, Defendant alleges that to the extent Plaintiff suffered any harm—which Defendant denies—such harm was not caused by Defendant's conduct or was exacerbated by Plaintiff's own failure to mitigate damages. Plaintiff did not promptly resolve her dispute with the landlord, did not provide Defendant with full documentation at the time of her initial dispute, and failed to take reasonable steps to prevent or lessen any alleged credit reporting or financial effects. RCW 19.86.090 requires both causation and injury to business or property; Plaintiff cannot establish either where her own inaction or intervening factors caused or contributed to the alleged harm.

### RESERVATION OF RIGHTS

Defendant reserves the right to allege and assert any additional and/or further affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

/ / /

/ / /

/ / /

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice, for a judgment in favor of Defendant and against Plaintiff, for all attorneys' fees and costs incurred by Defendant herein, and for such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial.

DATED: September 26, 2025                DOBINLAW, P.S.

By:     *s/Marc S. Dobin*
         Marc S. Dobin
         Attorneys for Defendant
         COLUMBIA DEBT RECOVERY, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

DATED: September 26, 2025                    DOBINLAW, P.S.

                                By:    *s/Marc S. Dobin*
                                       Marc S. Dobin
                                       Attorneys for Defendant
                                       COLUMBIA DEBT RECOVERY, LLC